IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ISAAC NOREL STURDIVANT,      )
                             )
          Petitioner,        )
                             )         1:12CV1254
     v.                      )         1:10CR123-1
                             )
UNITED STATES OF AMERICA,    )
                             )
          Respondent.        )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Petitioner Isaac Norel Sturdivant, a federal prisoner, filed a motion and memorandum (Docs. 276, 277)[1] seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. By way of background, on February 1, 2011, Petitioner was charged in a superseding indictment with (1) conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); (2) distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count Two); (3) possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Three); and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and (b) (Count Four). (Doc. 145.)

---

[1] This and all further cites to the record are to the criminal case (1:10CR123-1).

On March 7, 2011, after the commencement of his jury trial, Petitioner pled guilty to Count Three. (Docs. 178, 179; Minute Entry 03/07/2011.) On July 28, 2011, Petitioner was sentenced to 168 months of imprisonment (Minute Entry 07/28/2011), and judgment was entered August 25, 2011. (Doc. 211.) After an unsuccessful appeal, United States v. Sturdivant, 492 Fed. App'x 433 (4th Cir. 2012), Petitioner filed the instant motion. (Petition (Doc. 276).) Respondent (the "Government") has filed a response (Doc. 287), Petitioner has filed a reply (Doc. 289), a motion seeking discovery (Doc. 290), and an additional supplement in support of his § 2255 motion (Doc. 292). The matter is now before the court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

## I. PETITIONER'S CLAIMS

Petitioner's motion raises two claims. First, Petitioner contends that his appellate counsel was ineffective. (Petition (Doc. 276), Ground One.) Second, Petitioner contends that the court erred "when it used conduct that was not alleged in the movant's indictment to obtain an offense level, Sixth Amendment violation." (Id., Ground Two.) As explained further below, neither of these claims, both of which overlap considerably, has merit.

## II. DISCUSSION

### A. Claim One

Petitioner essentially asserts ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the

circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Claims of ineffective assistance of counsel on appeal are also judged using the Strickland test. See Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 752-53 (1983); see also Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Ineffective assistance of appellate counsel can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (citation omitted).

Here, more specifically, Petitioner's first claim states:

> After being told to raise an issue on appeal, my appeal attorney Jenifer Wicks failed to do. The issue I told the appeal attorney to raise was also my objections during the sentencing [phase]. My issue was that the sentencing judge illegally calculated

>     [uncharged], unadmitted, conduct to obtain an offense
>     level.

(Petition (Doc. 276), Ground One.)  Petitioner's memorandum then makes clear that he only challenges appellate counsel's failure to "raise the issue that the judge erred in calculating conduct that was not charged in his indictment . . . ."  (Pet'r's Mem. (Doc. 277) at 4-5.)  Petitioner then clarifies further that "the district court judge misapplied 'relevant conduct' provisions of the U.S. Sentencing Guidelines Manual 1B1.1.3 application note 1, in determining the movant's offense level."  (Id. at 5.)

As explained below, however, this claim lacks merit as a matter of law.  Therefore, because appellate counsel has no obligation to raise a clearly meritless claim on appeal, Petitioner's first ground for relief is denied.

Specifically, the Guidelines provide that the court must consider all of a defendant's related criminal conduct, including all relevant drug trafficking transactions. USSG § 1B1.3(a)(2) (2010); United States v. Young, 609 F.3d 348, 357–

58 (4th Cir. 2010).[2] This is true regardless of the drug weights in the indictment. Young, 609 F.3d at 358 ("[A] sentencing court may consider relevant conduct that has not been charged and proven at trial, if it is shown by a preponderance of the evidence at sentencing[.]") (citation omitted).

As explained by the United States Court of Appeals for the Fourth Circuit in a case similar to this one:

> The government at sentencing properly sought to establish as relevant conduct the total quantity of drugs attributable to [the defendant]. "Relevant conduct" under the Guidelines, of course, often includes a broader range of conduct than the conduct underlying the offense of conviction. See, e.g., United States v. Newsome, 322 F.3d 328, 339 (4th Cir. 2003). This is particularly so in drug cases, where relevant conduct is defined to include "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

Young, 609 F.3d at 357–58.

---

[2] Application note 1 to USSG § 1B1.3 provides that:

The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability. Under [the relevant subsections of this provision], the focus is on the specific acts and omissions for which the defendant is to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator.

USSG § 1B1.3, App. Note 1 (2010).

- 6 -

Here, Petitioner objected at sentencing to the volume of drugs attributed to him in the presentence report. (Tr. of Sentencing Hr'g (Doc. 233) at 5-6.) During the sentencing hearing, the Government presented the testimony of co-defendant Fred Wayne Blackwelder regarding the drug quantity issue. (Id. at 9-38.) The court also considered the trial testimony of co-defendants Jatia Barrett and Jurhon Robinson regarding drug quantity. (Id. at 38, 48-50.) After considering this testimony and the arguments of counsel, the court partially granted Petitioner's objection to the original drug quantity calculation contained in the presentence report. (Id. at 48-49, 52.) As a result, the court reduced the offense level from 36 to 34. (Id.)

Petitioner does not now assert that the evidence was insufficient to show that, by a preponderance, he was responsible for more than 840 grams, but less than 2.8 kilograms of cocaine base (level 34). USSG § 2D.1.1(c) (2010 Supplement). Instead, Petitioner contends the court improperly held him responsible for additional drug quantities beyond the quantity to which he pled guilty, including drug quantities that were part of the offense conduct of the dismissed counts to the 12.7 grams of cocaine base set forth in Count Three of the superseding indictment. As demonstrated, Petitioner is mistaken

- 7 -

in his interpretation of relevant conduct.  Beyond this, Petitioner has failed to specifically articulate, much less demonstrate, any error at sentencing.

In sum, Petitioner's contention that relevant conduct turns on the amount of drugs set forth in the charging document fails as a matter of law.  Appellate counsel was not unreasonable for declining to raise this issue on appeal, nor was Petitioner prejudiced by its omission.  See Foote v. Solomon, No. 1:14CV877, 2015 WL 5674903, at *11 n.13 (M.D.N.C. Sept. 25, 2015) ("Appellate counsel has no obligation to raise on appeal meritless claims."), appeal docketed, No. 15-7759 (4th Cir. Nov. 4, 2015). Accordingly, Petitioner's first claim is denied.

**B.   Claim Two**

Petitioner's next claim overlaps considerably with his first claim. More specifically, Petitioner contends that "[t]he district court erred when it used conduct that was not alleged in the movant's indictment to obtain an offense level, Sixth Amendment violation." (Petition (Doc. 276), Ground Two.)  As explained above, however, this argument fails as a matter of law and the court need not repeat the analysis anew.

Nevertheless, in his supporting memorandum, Petitioner also contends that the court violated United States v. Booker, 543

- 8 -

U.S. 220 (2005) at sentencing, "when it relied on facts stated in the presentence report to enhance his sentence beyond the statutory maximum." (Pet'r's Mem. (Doc. 277) at 8.) Petitioner therefore argues that because he was held responsible for a total weight of cocaine base that exceeded the amount alleged in the indictment to the count to which he entered a guilty plea, his offense level was incorrectly determined, his advisory guideline range was miscalculated, and he was sentenced in violation of Booker.

These arguments are without merit because Booker's holding does not apply in the manner Petitioner contends. Booker held that the "Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone." United States v. Hughes, 401 F.3d 540, 545 (4th Cir. 2005) (citation omitted). However, in so holding, Booker only concluded that uncharged facts cannot be used to support a sentence exceeding the statutory maximum, not that a sentencing judge may not use uncharged facts to enhance the defendant's sentence within the statutory range. See United States v. Green, 163 Fed. App'x 221, 223 (4th Cir. 2006) (concluding that "Booker obviously contemplates that sentencing

judges can, consistent with the Sixth Amendment, rely on uncharged facts in determining an appropriate sentence within the statutory range"); see also United States v. Harris, 243 F.3d 806, 809 (4th Cir. 2001) (holding that Apprendi only applies to sentences beyond the prescribed statutory maximum).

Here, Petitioner pled guilty to a violation of 21 U.S.C. § 841(a)(1). The maximum statutory sentence as a result of that plea was not more than 40 years of imprisonment. 21 U.S.C. § 841(b)(1)(B). As noted, the sentence imposed by the court was 168 months. (Judgment (Doc. 211).) The sentence imposed did not exceed the statutory maximum. Consequently, neither the holding in Booker nor the Sixth Amendment were violated. See United States v. Childers, 370 Fed. App'x 409, 411 (4th Cir. 2010) (holding that because the sentence imposed by the district court fell within the maximum authorized sentence, no Sixth Amendment violation occurred). For all these reasons, Petitioner's second claim lacks merit.

### C. Motion Requesting Discovery

Petitioner has also filed a motion seeking discovery, in which he also requests the appointment of an attorney. (Doc. 290.) Both requests will be denied.

Regarding discovery, Rule 6 of the Rules Governing Section 2254 and 2255 Proceedings authorizes discovery in post-conviction proceedings but, "[u]nlike other civil litigants, a . . . habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)), cert. denied, 558 U.S. 1122 (2010). Instead, before beginning discovery, a petitioner must obtain leave of court by showing good cause. Bracy, 520 U.S. at 904, 908–09; Maynard v. Dixon, 943 F.2d 407, 412 (4th Cir. 1991). "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." Stephens, 570 F.3d at 204.

Here, Petitioner has failed to show good cause why discovery is warranted in this proceeding because he has done nothing more than allege generally that it would be useful to the presentment of his claims. This request is denied.

Regarding the appointment of counsel, there is no constitutional right to appointed counsel in a habeas case.[3] Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

Here, having reviewed Petitioner's request for counsel and the record in this matter, the court does not find that appointment of counsel is required by the interests of justice

---

[3] See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir.) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."), cert. denied, ____ U.S. ____, 134 S. Ct. 421 (2013); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255").

or otherwise.  Therefore, Petitioner's request for counsel will be denied.[4]

**D.    Petitioner's Supplement**

Petitioner has also filed a supplement (Doc. 292) in which he cites Alleyne v United States, 570 U.S. ____, 133 S. Ct. 2151 (2013).  Alleyne has no application here because it has not been made retroactive on collateral review, United States v. Stewart, 540 Fed. App'x 171, 172 n.* (4th Cir. 2013), and because the judicially-found facts that led to an increase of the guideline range in this case did not impact the range of the statutory sentence, see, e.g., United States v. Holder, 549 Fed. App'x 214, 215 (4th Cir. 2014) ("[A]lthough judicially determined facts are no longer relevant after Alleyne to deciding the applicable mandatory minimum, the factual findings needed to calculate a defendant's advisory Guidelines range are still within the district court's province.").

Finally, the supplement also contains a letter from appellate counsel explaining why she declined to pursue Petitioner's guideline argument on appeal.  (Doc. 292, Ex. 2.)

---

[4] The cover letter to Petitioner's § 2255 motion also contains a request for the appointment of counsel but it, too, fails to demonstrate good cause for the appointment of counsel. (Petition, Attach. 2 (Doc. 276-2).)  This request is denied as well.

- 13 -

Appellate counsel's explanation is consistent with the court's analysis of the issue above and does not strengthen Petitioner's arguments which, as explained, are entirely lacking in merit.

**III. CONCLUSION**

For the reasons set forth above, **IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 276) is **DENIED** for lack of merit and that this case is **DISMISSED** without an evidentiary hearing.

**IT IS FURTHER ORDERED** that Petitioner's motion for discovery and request for appointment of counsel (Doc. 290) is **DENIED** for lack of merit.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 21st day of December, 2015.

/s/ William L. Osteen, Jr.
_____
United States District Judge